UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NDRI DIBY,

                Plaintiff,

       -against-

KEPCO INC. and JULIE WU,

                Defendants.
----------------------------------X

**MEMORANDUM & ORDER**
16-CV-583(KAM)(LB)

**MATSUMOTO, United States District Judge**:

        Plaintiff Ndri Diby, proceeding *pro se*, brings this action against her former employer Kepco Inc. ("Kepco") and her former supervisor Julie Wu ("Wu") (collectively, "defendants"), alleging that defendants violated her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*. For the reasons stated below: (1) plaintiff's request to proceed *in forma pauperis* is GRANTED; (2) plaintiff's interference claims under the FMLA against Kepco and Wu will be dismissed unless plaintiff amends her complaint within 30 days of the date of this Memorandum and Order to address the deficiencies outlined below; (3) plaintiff's retaliation claim under the FMLA against Kepco survives *sua sponte* review pursuant to 28 U.S.C. § 1915; and (4) plaintiff's retaliation claim against Wu will be dismissed unless plaintiff amends her complaint within 30 days of the date of this Memorandum and Order to address the deficiencies outlined below.

**BACKGROUND**

The following facts are drawn from the complaint, and are assumed true for purposes of this Memorandum and Order. Plaintiff worked as a junior accountant for Kepco, an electronic parts supplier, from May 7, 2012, until she was terminated on January 10, 2014. (ECF No. 2, Complaint, Ex. A ("Compl.") ¶¶ 1-2). Defendant Wu was the controller at Kepco, and was plaintiff's direct supervisor. (*Id.* ¶ 2.)

In mid-October 2013, plaintiff asked Wu for two weeks of leave time to seek medical care for a knee injury. (*Id.* ¶ 3.) Wu denied plaintiff's request. (*Id.* ¶¶ 3-4.) On November 14, 2013, plaintiff sent an email to Wu again seeking leave to address her knee injury. (*Id.* ¶ 5.) Wu forwarded plaintiff's request to Kepco Human Resources Department Director Susan Lipsky ("Lipsky"). (*Id.*) On or about November 21, 2013, plaintiff was provided with an FMLA leave request form. (*Id.*) In early December, plaintiff submitted the FMLA form to the Human Resources Department. (*Id.*) A Human Resources Department employee informed plaintiff that she had exhausted her sick and vacation time and that she did not meet the

eligibility requirements under the FMLA.[1] (*Id.* ¶¶ 5-6.) Plaintiff subsequently met with a Human Resources Department employee who again informed her that any leave she took would not be covered by the FMLA. (*Id.* ¶ 7-8.)

On December 19, 2013, plaintiff's last day of work before she intended to take time off to address her knee injury, plaintiff met with Lipsky, "who reiterated the same statements that [plaintiff had] to be aware of the fact that [she was] not covered by [the FMLA] and [her] leave [was] not under [the FMLA]." (*Id.* ¶ 10.) Lipsky told plaintiff that she was free to take time off, but Lipsky said that Kepco "may not have a job available for [plaintiff] when" plaintiff returned. (*Id.* ¶ 10.)

Plaintiff subsequently traveled to a foreign country where her parents reside for medical treatment. (*Id.* ¶¶ 6, 11.) On January 9, 2014, plaintiff emailed Lipsky, requesting another week off to "physically prepare for the travel following [her] medical treatment." (*Id.* ¶ 11.) The following day, January 10, 2014, Lipsky terminated plaintiff in an email. (*Id.* ¶ 12.) According to

---

[1] Plaintiff's complaint lacks clarity regarding whether the individual with whom she met at the Human Resources Department was Lipsky or a different Kepco employee.

plaintiff, Lipsky stated in the January 10, 2014 email that plaintiff's leave was not covered under the FMLA and that plaintiff had committed "misconduct" by "fail[ing] to give [Lipsky] a call on January 8, 2014." (*Id.*)

On January 8, 2016, plaintiff brought the instant action in the Southern District of New York and requested to proceed *in forma pauperis*. (*See* Compl.; *see also* ECF No. 2.) The action was subsequently transferred to the Eastern District of New York. (ECF No. 3.)

## **STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 679). The court need not accept as true allegations that are effectively legal conclusions. *See Iqbal*, 556 U.S. at 678. In addition, a *pro se*

4

complaint is "to be liberally construed," *Ahlers v. Rabinowitz,* 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks and citation omitted), and interpreted "to raise the strongest arguments that [it] suggest[s]." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks and citation omitted).

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), the court is required to dismiss a complaint if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). A claim is based on an "indisputably meritless legal theory" when "either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.* (citations omitted). The court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a liberal reading of the complaint suggests that a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**DISCUSSION**

*I.  The Family and Medical Leave Act*

The FMLA was enacted by Congress in 1993 "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 U.S.C. § 2601(b)(1). In order to bring a successful claim under the FMLA, an employee-plaintiff must demonstrate "(1) that the employer interfered with, restrained, or denied the rights protected by the FMLA, and (2) that the employee has been prejudiced by the violation." *Roberts v. Health Ass'n,* 308 F. App'x. 568, 569 (2d Cir. 2009) (citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)).

"The FMLA entitles covered employees to take up to 12 weeks of leave per year to care for a spouse, parent, or child that has a serious health condition, or for the employee's own serious health condition that makes the employee unable to perform the functions of his or her position." *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 193 (S.D.N.Y. 2011) (citing 29 U.S.C. §§ 2612(a)(1)(C), (a)(1)(D), (b)). Upon return from FMLA leave, an employer must restore an employee to her former job or another

position with equivalent pay, benefits, and conditions of employment. 29 U.S.C. § 2614(a)(1). An employer who fails to provide an eligible employee with FMLA leave may be held liable for damages and may also be required to reemploy, reinstate, or promote the employee. *See* 29 U.S.C. § 2617(a)(1).

Additionally, an individual can face personal liability under the FMLA under certain circumstances. Personal liability under the FMLA is appropriately only if the individual defendant is an "employer" within the definition of the statute. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016). The term "employer" in this context can include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I); *see also* 29 C.F.R. § 825.104(d). The Second Circuit applies an "economic reality" test to evaluate whether an individual qualifies as an "employer" for purposes of FMLA liability. *Graziadio*, 817 F.3d at 422. A nonexhaustive list of factors for consideration includes:

> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Id.*

A plaintiff may bring two kinds of claims under the FMLA: a claim based on "interference" with his or her rights under the Act and a claim based on "retaliation" for his or her exercise of rights under the Act. *See Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (per curiam); *Smith v. Westchester Cty.*, 769 F. Supp. 2d 448, 463 (S.D.N.Y. 2011) ("The Second Circuit has recognized two types of FMLA claims — 'interference' claims and 'retaliation' claims."). Here, plaintiff asserts both interference and retaliation claims.

## II. *Plaintiff's Interference Claims*

In order to state a *prima facie* claim for interference under the FMLA, a plaintiff must show that (1) she was an eligible employee under the FMLA; (2) defendant is an employer under the FMLA; (3) she is entitled to leave under the FMLA; (4) she gave notice to defendant of her intention to take leave; and (5) she was denied the benefits to which she was entitled under the FMLA. See *Pearson v. Unification Theological Seminary*, 785 F. Supp. 2d 141, 161-62 (S.D.N.Y. 2011).

Plaintiff's complaint as presently pled fails to state an interference claim under the FMLA. First, plaintiff fails to

adequately plead that she is an eligible employee under the FMLA. To be "eligible" under the FMLA, an employee must have been employed "(i) for at least 12 months by the employer . . . and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A); *see also Woodford v. Cmty. Action of Greene Cnty., Inc.*, 268 F.3d 51, 54 (2d Cir. 2001) ("In order to be eligible for FMLA benefits, an employee must have been employed for at least twelve months with an employer and have worked at least 1,250 hours in the twelve months preceding the date on which eligibility is determined."). Here, although plaintiff alleges that she was employed by Kepco for more than twelve months before requesting leave (*see* Compl. ¶¶ 1, 3), she has not alleged that she worked at least 1,250 hours in the twelve months before she filed for FMLA leave.

Second, plaintiff fails to plead that defendant is an employer under the FMLA. Her pleadings fails to allege that defendant employed fifty or more employees for each working day during each of twenty or more calendar workweeks in the calendar year of the request or the preceding calendar year. *See* 29 U.S.C. § 2611(4) (defining "employer" for purposes of the FMLA). Third, to the extent that she claims that she was entitled to leave under

the FMLA based on a "serious health condition," she does not allege sufficient facts regarding the nature of her health condition. Plaintiff simply asserts that she had an injury to her knee. (*E.g.*, Compl. ¶ 3.) Not all health-related ailments are covered by the FMLA. "The term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Accordingly, plaintiff fails to allege facts sufficient to assert a *prima facie* case of interference under the FMLA.

Plaintiff's interference claim against Wu fails for an additional reason. As discussed above, a nonexhaustive list of factors for consideration in determining whether an individual can be held personally liable under the FMLA includes:

> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Id.* Here, plaintiff has failed to allege sufficient facts regarding the above factors to establish that Wu was an "employer" for purposes of the FLSA. For example, there is no indication in the

complaint that Wu had the power to hire and fire employees, determined the rate and method of payment for employees, or maintained employment records.

Accordingly, plaintiff's interference claims are insufficient. Plaintiff is granted 30 days from the date of this Memorandum and Order to amend her complaint to address the deficiencies regarding her interference claims against Kepco and Wu.

## III. *Plaintiff's Retaliation Claims*

Retaliation claims under the FMLA are evaluated under the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Potenza*, 365 F.3d at 168. Specifically, a plaintiff must point to evidence indicating that (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *See id.*

Plaintiff appears to contend that she was exercising rights protected under the FMLA by contesting the denial of her FMLA leave request. (Compl. ¶¶ 5-6.) Employees are protected "if

11

they oppose any practice which they reasonably believe to be a violation of the Act or regulations." 29 C.F.R. § 825.220. Plaintiff also appears to allege that she was qualified enough at her job to train another individual on a particular system. (Compl. ¶ 9.) Finally, plaintiff alleges that she was terminated within a few weeks of asking for leave under the FMLA. At this time the court declines to dismiss plaintiff's retaliation claim against Kepco pursuant to 28 U.S.C. § 1915.

Plaintiff's retaliation claim against Wu, however, fails because — as outlined above in the court's discussion regarding the interference claims (*see supra* Discussion Part II) — plaintiff has not adequately pled that Wu was an "employer" within the meaning of the FMLA. Plaintiff is granted the opportunity to allege facts that show Wu was an employer pursuant to the factors set forth above.

Accordingly, plaintiff's retaliation claim against Kepco survives, but plaintiff's retaliation claim against Wu is deficient. Plaintiff will be permitted 30 days from the date of this Memorandum and Order to amend her complaint to address the deficiencies regarding her retaliation claim against Wu.

12

## CONCLUSION

Accordingly:

(1) Plaintiff's request to proceed *in forma pauperis* is GRANTED;

(2) Plaintiff's interference claims under the FMLA against Kepco and Wu will be dismissed unless plaintiff amends her complaint within 30 days after the date of this Memorandum and Order to address the deficiencies outlined above.

(3) Plaintiff's retaliation claim under the FMLA against Kepco survives *sua sponte* review pursuant to 28 U.S.C. § 1915;

(4) Plaintiff's retaliation claim against Wu will be dismissed unless plaintiff amends her complaint within 30 days after the date of this Memorandum and Order to address the deficiencies outlined above.

(5) The Clerk of Court is respectfully directed to serve a copy of the complaint, a summons, and this Memorandum and Order on Kepco at the address provided in plaintiff's complaint.

Plaintiff is informed that if she elects to file an amended complaint, she must plead sufficient facts to address the deficiencies outlined above. If possible, plaintiff should annex a copy of the FMLA form that she completed and submitted to Kepco.

The amended complaint must be captioned "Amended Complaint," and bear the same docket number as this Memorandum and Order. Plaintiff is reminded that an amended complaint completely replaces the prior complaint. The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   October 7, 2016
         Brooklyn, New York

                                     _____/s/_____
                                     Kiyo A. Matsumoto
                                     United States District Judge